UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEFANIE TUNG,                              )
                                            )
                Plaintiff,              )
                                            )
   -against-                               )
                                            )
THE CITY OF NEW YORK; POLICE OFFICER        )   **COMPLAINT**
WESLEY BLOCK, Tax Identification Number     )
936217, Shield Number 16818; POLICE OFFICER )   **08 Civ. 935 (CM)(MHD)**
"MILNIE"; JOHN DOE PLAINCLOTHES POLICE      )
OFFICER OF ASIAN HERITAGE WHO SPEAKS        )   **JURY TRIAL DEMANDED**
CANTONESE; MICHAEL MOE EMERGENCY            )
MEDICAL TECHNICIAN WHO STRUCK               )   **ECF CASE**
PLAINTIFF; JOHN DOES; RICHARD ROES;         )
PAUL POES,                                  )
                                            )
                Defendants.             )
---------------------------------------------------------------X

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the plaintiff STEFANIE TUNG seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed an application to file a late notice of claim on January 22, 2008. That application is presently being litigated before the Honorable Justice Karen Smith of the Supreme Court of the State of New York, New York County (Index No. 08/100913).

## PARTIES

7. Plaintiff STEFANIE TUNG is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of Queens.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and a fire department, which act as its agents in the areas of law enforcement and emergency medical care to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and fire department and the employment of police officers and emergency medical technicians as said risk attaches to the public consumers of the services provided by the New York City Police Department and New York City Fire Department.

9. Defendants BLOCK, "MILNIE", JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants BLOCK, "MILNIE", JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE, and JOHN DOES are sued individually.

10.     Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

11.     Defendant MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF is and was at all times relevant herein a duly appointed and acting officer, servants, employee and agent of THE CITY OF NEW YORK and/or the New York City Fire Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendant is and was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and/or the New York City Fire Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF is sued individually.

12. Defendants PAUL POES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Fire Department, responsible for the training, retention, supervision, discipline and control of emergency medical technicians under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Fire Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants PAUL POES are sued individually.

## STATEMENT OF FACTS

13. On the morning of October 31, 2006, approximately 8:00 to 8:30 a.m., Plaintiff was in Chinatown in downtown Manhattan, attempting to run some errands.

14. When she arrived in the area near 30 Pike Street, NY, NY, she noticed a man of Asian heritage who was hurt on the ground. The MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF was present, but could not communicate with the Asian man.

15. In order to assist as a Good Samaritan, plaintiff rendered on-scene translation in Cantonese for the injured man of Asian heritage, so that he and the MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF could communicate with each other.

16. When plaintiff found out that the MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF planned on taking the man to NY Downtown Hospital, she expressed her view that it was a very poor hospital to which he should not be taken.

17. The injured man had requested to be taken to Saint Vincent's hospital, and the MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF had agreed at that point to take the injured man to Saint Vincent's hospital.

18. Having rendered translation assistance, plaintiff then left the scene and went about her errands.

19. A short time thereafter plaintiff returned by the scene near 30 Pike Street, and the ambulance and injured man were still there. Plaintiff heard the JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE (who she only later realized was a plain-clothes police officer when he was among those officers attacking and arresting her) telling the injured man in Cantonese, in sum and substance, that it was a good hospital. Plaintiff then expressed her view again, to both the police officer and the MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF, that NY Downtown Hospital was a very poor hospital.

20. As plaintiff walked away from the MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF, he struck plaintiff in the back without any cause or provocation.

21. Plaintiff then asked for the MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF's identifying information. It was not provided to plaintiff, but plaintiff was able to take down the license plate number of the ambulance (L-

98392) and that "FDNY 270" (or "FDNY 207") was written on the side of the ambulance.

22. A police officer (POLICE OFFICER "MILNIE", plaintiff later found out - plaintiff believes this police officer's name is "Milnie" or something that sounds similar) present at the scene then told plaintiff to leave or she would be arrested.

23. Plaintiff asked POLICE OFFICER "MILNIE" why he would arrest her simply for exercising her right to free speech.

24. The MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF left the scene in the ambulance without providing his identifying information to plaintiff.

25. Plaintiff then began to walk away from the scene.

26. JOHN DOE Police Officers followed plaintiff and demanded her identification.

27. Plaintiff was told by the police that she was going to be issued a summons.

28. Plaintiff asked why she was going to be issued a summons, since she had not done anything either illegal or wrong.

29. A JOHN DOE police officer then took out his handcuffs and plaintiff, frightened, told him that plaintiff would give them her identification.

30. A JOHN DOE police officer told plaintiff that it was too late, and a number of JOHN DOE police officers, including POLICE OFFICER BLOCK and the JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE, then, with great force, twisted plaintiff's arms, shoved plaintiff down on the ground, picked plaintiff up and handcuffed her.

31. Prior to attacking plaintiff the JOHN DOE police officers had taken plaintiff's

groceries and her Shih-Tzu, "Sparky", away from her.

32. Plaintiff was placed in a police car and brought to the NYPD 5th Precinct, where her pockets were searched and she was handcuffed to a bench.

33. After some time plaintiff was issued Criminal Court Summons, # 424304706-6, alleging violation of New York State Penal Law § 240.20, Disorderly Conduct.

34. While at the 5th Precinct plaintiff requested to take her anxiety medication. That request was denied by the Police Officer who signed plaintiff's Summons, POLICE OFFICER WESLEY BLOCK.

35. While at the 5th Precinct plaintiff also asked to call her therapist, and that request was denied by POLICE OFFICER "MILNIE", who was POLICE OFFICER BLOCK's partner.

36. After approximately an hour or so at the precinct POLICE OFFICER BLOCK and POLICE OFFICER "MILNIE" drove plaintiff to her mother's home nearby.

37. Plaintiff received a notice by mail that the Disorderly Conduct charge POLICE OFFICER BLOCK lodged against her by way of the Summons, which was assigned Docket # 2007SN002362 by the Court, was dismissed on December 22, 2006 in New York County Criminal Court Part SAP-D.

## FIRST CLAIM

### CONSPIRACY TO DEPRIVE RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. By their conduct and actions in conspiring to harass, falsely arrest, maliciously prosecute, abuse process against, assault and batter, violate and retaliate against for the exercise

of rights to free speech of, inflict emotional distress upon, fail to intercede on behalf of, and to fabricate an account surrounding the October 31, 2006 incident regarding plaintiff, POLICE OFFICER BLOCK, POLICE OFFICER "MILNIE", JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE, MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF, and JOHN DOES intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused damage and injury in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth Amendments.

40. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By their conduct and actions in harassing, falsely arresting, maliciously prosecuting, abusing process against, assaulting and battering, violating and retaliating for the exercise of rights to free speech of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account surrounding the October 31, 2006, incident regarding Plaintiff, POLICE OFFICER BLOCK, POLICE OFFICER "MILNIE", JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE,

MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

43. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

44. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES and PAUL POES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

46. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

47.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees, police officers, and emergency medical technicians, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.   As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great

humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

52. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors and as a New York City Emergency Medical Technician / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

54. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

55. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

58. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### MALICIOUS PROSECUTION

61. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### ABUSE OF PROCESS

67. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.

14

The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH

70. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. By the actions described above, defendants violated the free speech rights of plaintiff and retaliated against plaintiff for the exercise of her rights to free speech. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### STATE LAW CONSPIRACY

73. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. By the actions described above, defendants jointly and severally, acting in their individual capacities and under color of law, conspired together and maliciously and willfully entered into a scheme to deprive plaintiff of her rights, liberty, and well-being and to commit the above-alleged unlawful acts. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENCE

76. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific

and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

79. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
January 28, 2008

_____/S/_____
JEFFREY A. ROTHMAN, Esq.
(JR-0398)
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980
Attorney for Plaintiff