```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____            │
│ DATE FILED: 2/21/08         │
└─────────────────────────────┘
```



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SUZETTE CORINNE RIVERA**
*Assistant Corporation Counsel*
Phone: (212) 788-9567
Fax: (212) 788-9776
srivera@law.nyc.gov

# MEMO ENDORSED

February 19, 2008

2/21/08
60 day ext'n
granted
Cole McM.

**By Hand**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007
Facsimile: (212) 805-6326

Re: Tung v. City of New York, et. al., Docket No. 08 CV 935 (CM)

Dear Judge McMahon:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant City of New York. I write to respectfully request a sixty-day enlargement of time, from February 20, 2008, to April 21, 2008, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action. Plaintiff's counsel, Jeffrey Rothman, Esq. has consented to a 30 day enlargement of time. However, defendant requests a sixty-day enlargement because, pursuant to Your Honor's Individual Practices, defendants are to submit a motion for summary judgment on the grounds of qualified immunity at the earliest possible opportunity, or file a notice of motion at the time of the answer. In accordance with Your Honor's Individual Practices, defendants must then depose plaintiff and serve and file briefs and papers addressing the issue of qualified immunity, within 30 days of the filing of the notice. In order to comply with Your Honor's rules, defendant needs time to investigate the allegations in plaintiff's complaint and file a motion, if appropriate.

Because plaintiff has alleged false arrest, malicious prosecution and excessive force, this Office will promptly forward to plaintiff's counsel, for execution by plaintiff, a consent and authorization for the release of plaintiff's arrest and medical records so that the information can be accessed, the case can be properly assessed and a response to the complaint can be framed. Upon information and belief, the records of the underlying action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office will promptly forward to plaintiff's counsel, for execution by plaintiff, a consent and authorization for the release of sealed records. Without those documents, we will be unable to properly determine whether we will be making a motion for qualified immunity, and if we do

Pl's counsel should have consented before filing case like TODAY

make the motion, we will need the necessary documents prior to conducting plaintiff's deposition.

  Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] In addition to the City of New York, plaintiff purports to name Police Officer Wesley Block as well as several unidentified police officers as defendants. If service has been effectuated upon Police Officer Block, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. Police Officer Block must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

  In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until April 21, 2008.

  Thank you for your consideration in this regard.

Respectfully submitted,

Suzette Corinne Rivera
Assistant Corporation Counsel

Cc: Jeffrey Rothman, Esq. (by email)
  Rothman.jeffrey@gmail.com

---

[1] Although this Office does not currently represent Police Officer Wesley Block, and assuming he is properly served, this Office also respectfully requests this extension on his behalf in order that his defenses are not jeopardized while representational issues are being decided.