```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 3/4/08      │
└─────────────────────────┘
```

Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

February 20, 2008

By Fax
The Honorable Colleen McMahon
United States District Court Judge
United States District Court for the
Southern District of New York, Room 640
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   *Stefanie Tung v. City of NY, et al.*, 08 Civ. 935 (CM) (MHD)

Dear Judge McMahon:

     I am counsel for Plaintiff in the above-captioned action, and write to respond briefly to the letter request made yesterday to the Court (by hand) by Assistant Corporation Counsel Suzette Rivera, Esq., counsel for defendant City of New York, seeking an extension of 60 days to answer on behalf of the City of New York (and also on behalf of defendant Police Officer Wesley Block, who is not represented presently by the New York City Law Department). I also write to request that the Court issue an Order requiring the identification, by a date certain, of three unidentified individuals who have been described with particularity in the Complaint, so that those individuals can be served with process.

**Concerning the Law Department's Requests for Extensions to Answer the Complaint**

     As noted by Ms. Rivera, I have as a professional courtesy consented to a 30 day extension for the City to interpose an Answer. Given Your Honor's directive to complete all discovery within 6 months of the Court's February 4, 2008 Order Scheduling an Initial Pretrial Conference, however, 60 days is too long a period to wait for an answer and would prejudice Plaintiff in the discovery process.

     I also have informed Ms. Rivera that I am unable to consent to the Law Department's request for any extension whatsoever for defendant Police Officer Wesley Block until such time as he is actually represented by the Law Department, based upon the recent series of Orders from the Eastern District of New York by Magistrate Judge Orenstein, rejecting the Law Department's practice of seeking extensions to answer on behalf of defendants it does not yet represent. One of those Orders, which is representative, the October 12, 2007 Order of Judge Orenstein in

1

*[Handwritten endorsement:]* Well, I do not follow the Magistrate Judge's practice.

*[Signature]* Colleen McMahon
3/4/08

Tactikos v. City of New York, et al., 07 Civ 3647 (EDNY), is annexed hereto as **Exhibit A**. Ms. Rivera's letter also states that the Law Department needs to "ascertain whether the individually named defendant has been served", but I note that Police Officer Block was served with process on February 1, 2008, and a proof of service was filed and distributed via ECF that same day.

**Concerning Plaintiff's Request for an Order Requiring the Identification of 3 Individual Defendants who have been Described with Particularity in the Complaint by a Date Certain**

I requested of the Law Department when the City of New York was served with process on January 31, 2008 that the following 3 presently unidentified individual defendants, who were described with particularity in the complaint, be identified so that they could be served with process[1]:

- Police Officer "Milnic" (this officer appeared to be defendant Police Officer Wesley Block's partner at the 5th Precinct on the date of the incident, which was October 31, 2006);

- John Doe Plainclothes Police Officer Of Asian Heritage Who Speaks Cantonese;

- Michael Moe Emergency Medical Technician Who Struck Plaintiff.

When I called Ms. Rivera yesterday, she informed me that she is unable to find out this information until she receives an unsealing release for Plaintiff's arrest records (that release is being sent to the Law Department today). I also suggested that the Law Department simply ask Officer Block who these people are, but was informed by Ms. Rivera that this could not be done until the Law Department decides if it will be representing Officer Block in this matter.

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order requiring identification of these three individual defendants who were described with particularity in the Complaint, so that service of process can be effected upon them.

I thank the Court for its consideration in this matter.

Respectfully submitted,

Jeffrey A. Rothman [JR-0398]
Attorney for Plaintiff

cc: Suzette Rivera, Esq. (by email)

---

[1] My letter to the City requesting that these identifications be made is annexed hereto as **Exhibit B**.

FROM : FAX NO. : Jan. 20 2008 10:36PM P 4
Case 1:08-cv-00935-CM-MHD Document 8 Filed 03/04/2008 Page 3 of 14
Case 1:07-cv-03647-NGG-JO Document 14-20 Filed 01/17/2008 Page 11 of 99

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN TACTIKOS,

                    Plaintiff,

- against -

CITY OF NEW YORK, et al.,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM
AND ORDER**

CV 07-3647 (NGG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       On October 9, 2007, an attorney in the Office of the Corporation Counsel for the City of New York, who represents defendant City of New York ("City") in this litigation but does not represent individual defendant Police Officer Justin Cracchiola ("Cracchiola"), filed a letter motion addressed to the Honorable Nicholas G. Garaufis, United States District Judge, seeking an extension of Cracchiola's time to answer the Complaint. Docket Entry ("DE") 9. Consistent with the local rules of this court concerning the division of business among its judges, *see* Loc. Civ. R. 72.2, and also consistent with the movant's own usual practices in this case and many others, Judge Garaufis promptly referred the matter to me for decision. Electronic Order dated October 10, 2007. I now deny the motion. In addition, for the reasons set forth below, while the City's conduct is troubling, I recognize that it has not violated a clear and unambiguous court order that would support a certification of contempt pursuant to 28 U.S.C. § 636(e)(6). I therefore now direct the City to show cause in writing, no later than October 19, 2007, why I should not enter an order forbidding the Office of the Corporation Counsel from filing any request for relief, in this case or any other to which I am assigned, on behalf of any party it does not represent at the time of the request, to ensure that similar conduct in the future will be subject to contempt sanctions.



Ex. A

The instant matter does not arise in a vacuum. The Office of the Corporation Counsel, and in particular the attorneys assigned to its Special Federal Litigation Division, routinely defend the City in lawsuits brought in this court. In most but not all of those cases, those same attorneys also – eventually – enter an appearance on behalf of the individual City employees who are named as the City's co-defendants in those lawsuits. Before they do so, the attorneys generally wait to complete a preliminary investigation to determine whether such joint representation would produce a conflict of interest. In the interim, however, it is often the case that both the City and its individual co-defendants face a deadline to answer the Complaint. The Office of the Corporation Counsel has adopted a routine practice in such circumstances: it files a motion asking the assigned magistrate judge to extend the deadline for answering the Complaint as to both the City (whom the moving counsel represents) and any individual defendant (whom the moving counsel does not yet represent).

I have routinely granted such relief with respect to the City but denied it with respect to any individuals not represented by the attorney who filed the motion. I have often explained my reasoning to the City and its attorneys. *See, e.g., Volpe v. City of New York*, docket no. 07-CV-0108 (ENV) (E.D.N.Y. Sept. 21, 2007); *Sanchez v. City of New York*, docket no. 07-CV-1771 (ENV) (E.D.N.Y. Aug. 21, 2007); *Hosey v. City of New York*, docket no. 06-CV-5579 (JBW) (E.D.N.Y. Dec. 11, 2006). In part, that reasoning rests on the plain text of controlling law. *See* Fed. R. Civ. P. 11(a) (requiring that every "written motion, and other paper shall be signed by at least one attorney of record ... or, if the party is not represented by an attorney, shall be signed by the party"). In part, my reasoning rests on the obvious proposition that, to the extent it is the City as such that seeks relief on behalf of another party, it lacks the standing to do so and I therefore

Case 1:07-cv-05757-NRB-GOO Document 4-20 Filed 01/17/2008 Page 3 of 9

lack the authority to grant the relief. And in part my reasoning rests on the fact that the Corporation Counsel's practice is both unnecessary and potentially harmful to the interests of the public employees on whose behalf it routinely purports to act. I discussed the latter point at some length in *Hosey*:

> The Corporation Counsel argues that it may not provide [individual defendant] Sweeney with representation in this case until it has conducted an investigation to determine whether Sweeney is entitled to such representation. DE 7 at 1. There is, however, no evidence that Sweeney has requested that the [C]ity represent him. *See, e.g., Wahhab v. City of New York*, 2005 WL 1423324, at *1 (S.D.N.Y. June 16, 2005) (duty to provide legal defense for a city employee is not triggered until the employee requests assistance); *see also* N.Y. Gen. Mun. Law § 50-k(4) (conditioning the duty to defend on city employee's timely request for legal defense and continued cooperation throughout the proceedings). Moreover, while the City may have no *duty* to represent Sweeney until the latter has taken the steps necessary to create such an obligation, there appears to be nothing in the relevant statute that forbids the City from voluntarily entering a notice of appearance on Sweeney's behalf right now. I can understand why the City might elect to withhold such representation until it is satisfied that it has a legal obligation to provide it, but that preference does not create any practical necessity to overlook the normal rules of standing and justiciability.
>
> In addition, I cannot fathom why, if the City believes that it *cannot* represent Sweeney until it has a legal obligation to do so, it did not take steps sooner to ensure that Sweeney would not be in the position he is in now: without counsel, and without time to answer. The Corporation Counsel knew almost two months before it made its latest application that Sweeney was a named defendant in this action, and that it might be called upon to provide him with representation. Indeed, in its November 6, 2006 motion to stay the action, the Corporation Counsel acknowledged as much. DE 3 at 2 n.1.[1] If it is true that the steps necessary to secure Sweeney's right to representation require a month to complete, *see* DE 7 at 1, then nothing prevented the Corporation Counsel from beginning and completing its investigation into Sweeney's eligibility for representation before his time to answer had expired. Even if it only got started taking steps to protect Sweeney's interests upon receiving my previous order denying relief as to

---

[1] A similar circumstance obtains in the instant case. On September 26, 2007, the City requested a 60-day extension of its time to file an answer, in part because the City needed to investigate the circumstances of a Complaint that named Cracchiola as a defendant. DE 6.

3

Sweeney, the Corporation Counsel could have completed the investigation process in time.

> ... [T]here is ... no need for the Corporation Counsel to seek relief on behalf of a party it does not represent. Nothing prevents the Corporation Counsel either from providing Sweeney with the information and assistance he needs to make a request for relief on his own, or even from making a formal appearance on Sweeney's behalf to request an extension of his time to answer. If a conflict of interest later arises   for instance, if it is later determined that Sweeney acted outside the scope of his employment in the underlying action and is therefore not entitled to legal representation from the City – Corporation Counsel may move to withdraw. *See Behar v. City of New York*, 1999 WL 212685, at *1 (S.D.N.Y. Apr. 13, 1999) (permitting Corporation Counsel to withdraw as counsel for police officers when conflict of interest arose six weeks before trial).
>
> That the City has done neither suggests that it may be concerned about the potential consequences of filing a notice of appearance on Sweeney's behalf before it has completed its investigation. But the City cannot have it both ways: either the Corporation Counsel represents Sweeney or it does not. If it does, then it should say so forthrightly and I will consider its application on his behalf accordingly. If it does not, then it lacks standing to make the application before me and I have no authority to grant it.
>
> The "practical necessity" that prompts the Corporation Counsel's application on Sweeney's behalf is illusory. Sweeney can ask me for relief directly, either with counsel or without. Nothing stops the attorneys in the Corporation Counsel's office from assisting him in that regard. Nor does anything stop the Corporation Counsel from making an earlier start in cases such as these in setting out to determine whether it will provide counsel to the City's police officers. I sympathize with Officer Sweeney's plight, but it is purely of the City's making.

*Hosey*, Order dated Dec. 11, 2006, at 3-5.

In the ten months since my decision in *Hosey* (which merely explained at length a practice of longer standing), I have consistently adhered to the ruling and the underlying principles described above. The City has never sought review of any of those decisions, but has nevertheless continued, on a routine basis, to make the kind of application now before me. Most recently, in *Volpe*, I asked the City to explain that practice:

4

FROM : FAX NO. : Jan. 20 2008 10:37PM P 8
Case 1:08-cv-00935-CM-MHD   Document 8   Filed 03/04/2008   Page 7 of 14
Case 1:07-cv-03767-ARR-JO   Document 14-20   Filed 01/17/2008   Page 5 of 9

>    I have denied similar requests for relief many times; the City has never sought review of any of those decisions pursuant to Federal Rule of Civil Procedure 72(a). The City having failed to seek such review despite ample opportunity, I cannot ascribe the current applications by its attorneys to a simple disagreement with my view of the applicable law. Accordingly, giving the members of the Corporation Counsel's office the benefit of the doubt, I reject (at least for now) the proposition that they are wilfully ignoring my rulings. Instead, I assume that the attorneys who make the instant applications have done so for good cause and with the concurrence of their supervisors.
>
>    I will permit the City's counsel to explain the circumstances establishing such good cause for deviating from the legal principles reflected in my repeated prior rulings at a conference before me on October 5, 2007 at 2:00 p.m. I invite a single supervisory attorney in the Corporation Counsel's Special Federal Litigation Division who is fully familiar with the circumstances of these cases to represent the City at that conference in lieu of the two individual attorneys whose requests on behalf of parties they do not represent are now before me.[2]

*Volpe*, Order dated Sept. 21, 2007, at 2-3.

The Corporation Counsel accepted my invitation and sent a supervisory attorney to provide the explanation I had requested. The supervisory attorney explained that neither of the requests then at issue had been predicated on any circumstances that would distinguish the case from the applicability of my prior rulings. Instead, she explained, the requests were made in error by attorneys who either did not know or had forgotten about those rulings. Nevertheless, the supervisory attorney expressed the view that my rulings have been faulty, and that the "spirit" of Rule 11(a), if not its text, permits the Corporation Counsel to seek relief on behalf of a party it does not, and may never, represent.[3] Despite adhering to that view, the supervisory attorney

---

[2] My order in *Volpe* simultaneously addressed similar requests for relief in both that case and the unrelated case of *Valentin v. City of New York, et al.*, docket no. 07-CV-0181 (SJF).

[3] The supervisory attorney also informed me that my fellow magistrate judges do not reject such applications. I do not question that proposition, but without the benefit of any legal analysis that explains why the Corporation Counsel's practice is lawful, I respectfully adhere to my view that the plain language of Rule 11(a) controls, notwithstanding my colleagues' practices.

5

assured me that her office intended to abide by my rulings in the cases assigned to me rather than continue to make similar requests in such cases in the future.

Four days later, an attorney in the same Special Federal Litigation Division made precisely the same kind of request on behalf of a party she does not, and may never, represent. However, she did not make the request to me. Instead, she addressed it to Judge Garaufis. She did not explain why she had done so. *See* DE 9.

In this district, requests for an extension of time to answer a civil complaint are routinely addressed to the assigned magistrate judge. That practice reflects a division of responsibilities among the district's judicial officers that is embodied in our court's local rules. *See* Loc. Civ. R. 72.2 (empowering the magistrate judge assigned to a case "to act with respect to all non-dispositive pretrial matters unless the assigned district judge orders otherwise"). It is, moreover, a practice that the City routinely follows, as reflected by the docket in this case. *See* DE 6 (addressing to me a request for an extension of the City's time to answer the Complaint).

The circumstances appear to support an inference that the City's decision to address the instant request to Judge Garaufis rather than to me was designed in bad faith to evade both my prior rulings on such motions and the Corporation Counsel's own promise to refrain from such conduct. The request was made by an attorney in the Special Federal Litigation Division of the Corporation Counsel's office a mere four days after a supervisor in that division had attended an extraordinary conference on the issue and had assured me that, even though the City thinks I am wrong on this subject, it would stop making such requests in the cases to which I am assigned. The request was made by an attorney who had previously known enough to make an appropriate request for similar relief directly to me, and whose colleagues also routinely address similar

6

requests to me and other magistrate judges rather than the assigned district judges. It therefore appears that the submission of the instant request to Judge Garaufis rather than to me was the result of an affirmative decision to abandon usual procedures; and in the absence of any other readily apparent reason for such a decision, it further appears that its purpose was to evade my past rulings and the Corporation Counsel's commitment to respect them.

If the inference is correct, counsel's conduct would be reprehensible but not technically contumacious. Although I have the authority in appropriate circumstances to certify that a party is in contempt, *see* 28 U.S.C. § 636(e)(6), such circumstances are not present here because the Corporation Counsel has merely violated the "spirit" of my past orders in other cases rather than the letter of any order that would constrain its conduct in this case. Just as I rejected the Corporation Counsel's appeal to a perceived "spirit" of Rule 11(a) that runs counter to its text, so too do I recognize that I cannot certify a contempt under the present circumstances. *See, e.g., Matrix Essentials v. Quality King Distrib., Inc.*, 346 F. Supp. 2d 384, 390 (E.D.N.Y. 2004) (a party may be held in civil contempt "only upon a showing of 'clear and convincing' evidence of a violation of 'a clear and unambiguous' order of the court") (quoting *New York v. Local 28, Sheet Metal Workers' Internat'l. Assoc.*, 170 F.3d 279, 282-83 (2d Cir.1999) (citation omitted)). I also recognize that it is possible that the attorney who submitted the instant request innocently forgot the extraordinary commitment that her office had made four days earlier.

Accordingly, the City is not subject to any sanction for contempt under the current circumstances of this case. But it should be subject to sanctions in the future if it deliberately

7

FROM : FAX NO. : Jan. 20 2008 10:37PM P 11
Case 1:08-cv-00935-CM-MHD Document 8 Filed 03/04/2008 Page 10 of 14
Case 1:07-cv-03657-NGG-CLP Document 4-20 Filed 10/12/2007 Page 8 of 9

continues to engage in conduct that I find to be in violation of Rule 11(a).[4] I am therefore contemplating entering an order that would clearly and unambiguously prohibit the Corporation Counsel from submitting any request for relief, in any case to which I am assigned, on behalf of any party it does not represent at the time of the request. If the Corporation Counsel believes that such an order is not warranted on the facts of this case, or that it exceeds my authority (either to the extent I would make the order applicable in this case, or to the extent I would make it applicable in other cases), it may show cause in writing no later than October 19, 2007, why I should not issue it.

Finally, because the City has given me no reason to stray from the principles I have repeatedly explained in past cases involving indistinguishable facts, I deny its application to extend the time of its co-defendant Cracchiola to respond to the Complaint. The City is of course entitled to ask Judge Garaufis to review that ruling pursuant to Federal Rule of Civil Procedure 72(a), and I encourage it to do so and thereby obtain a more authoritative determination of the matter. Such an orderly review process is far preferable to the kind of judge-shopping that the submission of the instant motion directly to Judge Garaufis appears to have been.

However, unless and until my ruling is overturned on review, defendant Cracchiola remains obligated to file his answer by October 15, 2007 – a mere three days from now. I hope that he meets that deadline so that this case can proceed to be determined solely on its merits.

---

[4] Rule 11 itself does not provide for a sanction in the circumstances of this case. To be sure, the violation is not entirely without consequence: any submission that does not comply with the signature requirement must be "stricken" if the violation is not promptly corrected. Fed. R. Civ. P. 11(a). But the sanction provisions of Rule 11 are triggered only by a failure to comply with the requirements of subsection (b), and are silent with respect to violations of subsection (a). See Fed. R. Civ. P. 11(c).

But I fear that the City's obduracy in this regard will needlessly expose Cracchiola to the possibility of a default judgment against him – a possibility that may then be avoided only by the grace of a plaintiff who is suing him for an alleged violation of civil rights. It continues to escape me why the City insists on taking such unnecessary chances with the fate of the police officers who serve it.

For the reasons set forth above, I deny the motion of the City of New York to extend the time of defendant Cracchiola to respond to the Complaint. I further direct the City to show cause in writing, no later than October 19, 2007, why I should not issue an order forbidding the Office of the Corporation Counsel for the City of New York from filing any request for relief, in this case or any other to which I am assigned, on behalf of any party it does not represent at the time of the request.

**SO ORDERED.**

Dated: Brooklyn, New York
October 12, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

# Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

January 31, 2008

The City of New York
c/o NYC Law Department
100 Church Street
New York, NY 10007

Re: <u>Stefanie Tung v. City of New York, et al.</u>, 08 Civ. 935(CM)(MHD)

To Whom it May Concern:

Enclosed please find the Summons and Complaint for the City of New York in the above-captioned matter. Also enclosed are Judge McMahon's Individual Practices, along with the ECF Instructions, Procedures, and Guidelines, and my cover letter of today to Judge McMahon providing her with a courtesy copy of the Complaint. I call your attention to subsection 3 C of Judge McMahon's Individual Practices, concerning qualified immunity.

Please inform me expeditiously of the full identity and business address for service of process of the following individual defendants, so that service can be effected:

- Police Officer "Milnie" (this officer appeared to be defendant Police Officer Wesley Block's partner at the 5th Precinct on the date of the incident, which was October 31, 2006);

- John Doe Plainclothes Police Officer Of Asian Heritage Who Speaks Cantonese;

- Michael Moe Emergency Medical Technician Who Struck Plaintiff.

To assist you in making these identifications, please take note that a CCRB investigation was conducted (CCRB Case Number 200708233) concerning this incident, as well as an investigation by the Fire Department concerning the Emergency Medical Technician (Complaint # 1187-06).

If you have any questions or concerns, please do not hesitate to contact me.

*Ex. B*

Thank you for your consideration in this matter.

Sincerely,

/s/

Jeffrey A. Rothman

encs.

# FAX TRANSMISSION

## JEFFREY A. ROTHMAN
### ATTORNEY AT LAW
315 BROADWAY, SUITE 200
New York, NY 10007
Phone: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343

| | | | |
|---|---|---|---|
| **To:** | Hon. Colleen McMahon<br>United States District Judge | **Date:** | February 20, 2008 |
| **Fax #:** | (212) 805-6326 | **Pages:** | 14, including this cover page |
| | CC: Suzette Rivera, Esq. (by email) | | |
| **From:** | Jeffrey Rothman, Esq. | | |
| **Subject:** | <u>Stefanie Tung v. City of NY, et al.</u>, 08 Civ. 935 (CM) (MHD) | | |

Faxed along with this cover sheet please find a two page letter to Judge McMahon, and eleven pages of Exhibits (Exhibits A and B). Thank you.

**CONFIDENTIALITY** -- The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from an attorney or his agent relating to pending legal matters and, as such, is intended to be **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original to us by mail. Thank you.