UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

STEFANIE TUNG,

                                                        **ANSWER TO COMPLAINT**

                                     Plaintiff,

          -against-                               08 CV 935 (CM)

THE CITY OF NEW YORK; POLICE OFFICER
WESLEY BLOCK, Tax Identification Number 936217,
Shield Number 16818; POLICE OFFICER "MILNIE";
JOHN DOE PLAINCLOTHES POLICE OFFICER OF
ASIAN HERITAGE WHO SPEAKS CANTONESE;
MICHAEL MOE EMERGENCY MEDICAL
TECHNICIAN WHO STRUCK PLAINTIFF; JOHN
DOES; RICHARD ROES; PAUL POES,

                                     Defendants.

------------------------------------------------------------------ x

        Defendants City of New York and Police Officer Wesley Block, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to plaintiff's Complaint, respectfully allege as follows:

        1.    Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

        2.    Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to demand a trial by jury.

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports that venue is proper.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation and that the City of New York maintains a police department and a fire department.

9. Paragraph "16" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations set forth in paragraph "9" of the Complaint, except deny knowledge or information sufficient to form a belief with respect to allegations that refer to "Milnie" and John Does, and admit that Police Officer Block is employed by the New York City Police Department.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint, except admit plaintiff was issued a summons for disorderly conduct.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint, except admit that plaintiff was driven by Police Officer Block.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "37" inclusive of this answer, as if set forth fully herein.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, Defendants repeat and reallege paragraphs "1" through "40" inclusive of this answer, as if set forth fully herein.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, Defendants repeat and reallege paragraphs "1" through "43" inclusive of this answer, as if set forth fully herein.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, Defendants repeat and reallege paragraphs "1" through "46" inclusive of this answer, as if set forth fully herein.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, Defendants repeat and reallege paragraphs "1" through "51" inclusive of this answer, as if set forth fully herein.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, Defendants repeat and reallege paragraphs "1" through "54" inclusive of this answer, as if set forth fully herein.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint.

- 7 -

58. In response to the allegations set forth in paragraph "58" of the Complaint, Defendants repeat and reallege paragraphs "1" through "57" inclusive of this answer, as if set forth fully herein.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, Defendants repeat and reallege paragraphs "1" through "60" inclusive of this answer, as if set forth fully herein.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendants repeat and reallege paragraphs "1" through "63" inclusive of this answer, as if set forth fully herein.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, Defendants repeat and reallege paragraphs "1" through "66" inclusive of this answer, as if set forth fully herein.

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, Defendants repeat and reallege paragraphs "1" through "69" inclusive of this answer, as if set forth fully herein.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, Defendants repeat and reallege paragraphs "1" through "72" inclusive of this answer, as if set forth fully herein.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, Defendants repeat and reallege paragraphs "1" through "75" inclusive of this answer, as if set forth fully herein.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79. In response to the allegations set forth in paragraph "79" of the Complaint, Defendants repeat and reallege paragraphs "1" through "78" inclusive of this answer, as if set forth fully herein.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

82. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

83. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

84. Any and all injuries alleged in the complaint were caused, in whole or in part, by Plaintiff's culpable and/or negligent conduct and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

85. The actions of any police officers involved were justified by probable cause.

### FIFTH AFFIRMATIVE DEFENSE

86. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

## SIXTH AFFIRMATIVE DEFENSE

87. Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

88. At all times relevant to the acts alleged in the Complaint, Defendant Wesley Block acted reasonably in the proper and lawful exercise of his discretion.

## EIGHTH AFFIRMATIVE DEFENSE

89. Plaintiff provoked the incidents of which she complains.

## NINTH AFFIRMATIVE DEFENSE

90. Defendant Wesley Block has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

92. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

**WHEREFORE,** Defendants City of New York and Police Officer Wesley Block request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 21, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendants City of New York and
                                Police Officer Wesley Block
                                100 Church Street, Room 3-196
                                New York, New York 10007
                                (212) 788-9567

                              By: _____
                                   Suzette Corinne Rivera
                                   Assistant Corporation Counsel
                                   Special Federal Litigation Division

TO:
Jeffrey Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007
*Attorney for Plaintiff*

Index Number 08 CV 935 (CM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| STEFANIE TUNG,<br><br>            Plaintiff,<br><br>     -against-<br><br><br>THE CITY OF NEW YORK; POLICE OFFICER WESLEY BLOCK, Tax Identification Number 936217, Shield Number 16818; POLICE OFFICER "MILNIE"; JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE; MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF; JOHN DOES; RICHARD ROES; PAUL POES,<br><br>            Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and*<br>*Police Officer Wesley Block*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br>*Of Counsel: Suzette C. Rivera*<br><br>*Tel: (212) 788-9567*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ………………………………,2008*<br><br>*………………………………………………… Esq.*<br><br>*Attorney for City of New York* |