UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

STEFANIE TUNG,

                                      Plaintiff,

            -against-

THE CITY OF NEW YORK; POLICE OFFICER
WESLEY BLOCK, Tax Identification Number 936217,
Shield Number 16818; POLICE OFFICER "MILNIE";
JOHN DOE PLAINCLOTHES POLICE OFFICER OF
ASIAN HERITAGE WHO SPEAKS CANTONESE;
MICHAEL MOE EMERGENCY MEDICAL
TECHNICIAN WHO STRUCK PLAINTIFF; JOHN
DOES; RICHARD ROES; PAUL POES,

                                      Defendant.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF SERGEANT SCOTT MILNE**

08 CV 935 (CM)(MHD)

       Defendant Sergeant Scott Milne, by his attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for his answer to plaintiff's Complaint, respectfully alleges, upon information and belief, as follows:[1]

       1.     Defendant denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to bring this action as stated therein.

       2.     Defendant denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

---

[1] The City of New York and Police Officer Wesley Block previously filed their answer to the complaint in this action on April 21, 2008.

1

3. Defendant denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiff purports to demand a trial by jury as stated therein.

5. Defendant denies the allegations set forth in paragraph "5" of the complaint, except admits that the plaintiff purports that venue is proper as stated therein.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendant denies the allegations set forth in Paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department and a fire department.

9. Paragraph "9" of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations set forth in paragraph "9" of the Complaint, except denies knowledge or information sufficient to form a belief with respect to allegations that refer to John Does, and admits that Police Officer Block and Sergeant Milne are employed by the New York City Police Department.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint regarding what plaintiff observed, but admits that an emergency service technician on the scene was unable to communicate in the same language as the male to whom emergency medical services was attempting to render assistance.

15. Defendant denies the allegations set forth in paragraph "15" of the Complaint, but admits plaintiff appeared to be acting as a translator between emergency medical services and the male to whom they were attempting to render assistance.

16. Defendant denies the allegations set forth in paragraph "16" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint regarding the unidentified emergency medical technician.

17. Defendant denies the allegations set forth in paragraph "17" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint regarding the unidentified emergency medical technician.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in paragraph "23" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in paragraph "27" of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in paragraph "32" of the Complaint, except admits plaintiff was transported to the 5th Precinct in a police car.

33. Defendant denies the allegations set forth in paragraph "33" of the Complaint, except admits plaintiff was issued a summons for Disorderly Conduct.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in paragraph "36" of the Complaint, except admits that plaintiff was transported from the 5th Precinct to the vicinity to Pike St. and Henry Street, New York, N.Y., by Police Officer Block and Sergeant Milne.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, Defendant repeats and realleges the responses set forth in paragraphs "1" through "37" inclusive of this answer, as if set forth fully herein.

39. Defendant denies the allegations set forth in paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, Defendant repeats and realleges paragraphs "1" through "40" inclusive of this answer, as if set forth fully herein.

42. Defendant denies the allegations set forth in paragraph "42" of the Complaint.

43. Defendant denies the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, Defendant repeats and realleges paragraphs "1" through "43" inclusive of this answer, as if set forth fully herein.

45. Defendant denies the allegations set forth in paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, Defendant repeats and realleges paragraphs "1" through "46" inclusive of this answer, as if set forth fully herein.

48. Defendant denies the allegations set forth in paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in paragraph "49" of the Complaint.

50. Defendant denies the allegations set forth in paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, Defendant repeats and realleges paragraphs "1" through "51" inclusive of this answer, as if set forth fully herein.

53. Defendant denies the allegations set forth in paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, Defendant repeats and realleges paragraphs "1" through "54" inclusive of this answer, as if set forth fully herein.

56. Defendant denies the allegations set forth in paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, Defendant repeats and realleges paragraphs "1" through "57" inclusive of this answer, as if set forth fully herein.

59. Defendant denies the allegations set forth in paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in paragraph "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, Defendant repeats and realleges paragraphs "1" through "60" inclusive of this answer, as if set forth fully herein.

62. Defendant denies the allegations set forth in paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendant repeats and realleges paragraphs "1" through "63" inclusive of this answer, as if set forth fully herein.

65. Defendant denies the allegations set forth in paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, Defendant repeats and realleges paragraphs "1" through "66" inclusive of this answer, as if set forth fully herein.

68. Defendant denies the allegations set forth in paragraph "68" of the Complaint.

69. Defendant denies the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, Defendant repeats and realleges paragraphs "1" through "69" inclusive of this answer, as if set forth fully herein.

71. Defendant denies the allegations set forth in paragraph "71" of the Complaint.

72. Defendant denies the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, Defendant repeats and realleges paragraphs "1" through "72" inclusive of this answer, as if set forth fully herein.

74. Defendant denies the allegations set forth in paragraph "74" of the Complaint.

75. Defendant denies the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, Defendant repeats and realleges paragraphs "1" through "75" inclusive of this answer, as if set forth fully herein.

77. Defendant denies the allegations set forth in paragraph "77" of the Complaint.

78. Defendant denies the allegations set forth in paragraph "78" of the Complaint.

79. In response to the allegations set forth in paragraph "79" of the Complaint, Defendant repeats and realleges paragraphs "1" through "78" inclusive of this answer, as if set forth fully herein.

80. Defendant denies the allegations set forth in paragraph "80" of the Complaint.

81. Defendant denies the allegations set forth in paragraph "81" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

82. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

83. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

84. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable and/or negligent conduct and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

85. The actions of any police officers involved were justified by probable cause.

### FIFTH AFFIRMATIVE DEFENSE

86. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### SIXTH AFFIRMATIVE DEFENSE

87. Punitive damages cannot be recovered as against defendant City of New York or the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

88. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### EIGHTH AFFIRMATIVE DEFENSE

89. Plaintiff provoked the incidents of which she complains.

### NINTH AFFIRMATIVE DEFENSE

90. Defendant Scott Milne has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### TENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

92. Plaintiff may have failed to comply with New York General Municipal Law §§50(e), 50(h) and 50(i).

---

**WHEREFORE,** Defendant Sergeant Scott Milne requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 5, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendants the City of New York,
                           Police Officer Wesley Block, and
                           Sergeant Scott Milne
                        100 Church Street, Room 3-188
                        New York, New York 10007
                        (212) 788-1090

                By: _____
                        Robyn N. Pullio (RP 6447)
                        Assistant Corporation Counsel
                        Special Federal Litigation Division

TO:   **VIA ECF**
      Jeffrey Rothman, Esq.
      315 Broadway, Suite 200
      New York, New York 10007
      *Attorney for Plaintiff*

Index Number 08 CV 935 (CM)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEFANIE TUNG,

Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER WESLEY BLOCK, Tax Identification Number 936217, Shield Number 16818; POLICE OFFICER "MILNIE"; JOHN DOE PLAINCLOTHES POLICE OFFICER OF ASIAN HERITAGE WHO SPEAKS CANTONESE; MICHAEL MOE EMERGENCY MEDICAL TECHNICIAN WHO STRUCK PLAINTIFF; JOHN DOES; RICHARD ROES; PAUL POES,

Defendant.

## ANSWER TO COMPLAINT ON BEHALF OF SERGEANT SCOTT MILNE

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York and Police Officer Wesley Block*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Robyn N. Pullio*

*Tel: (212) 788-1090*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2008*

*.................................................................... Esq.*

*Attorney for City of New York*